UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
GREGORY P. CUNNINGHAM, SR.,

                          Petitioner,

        v.                                                    9:06-CV-0659
                                                                        (LEK)(GJD)

THOMAS POOLE, Supt, Five Points Correctional Facility,

                          Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

OFFICE OF THOMAS F. CUNNINGHAM        THOMAS F. CUNNINGHAM, ESQ.
Attorney for petitioner

OFFICE OF THE ATTORNEY GENERAL         LUKE MARTLAND, ESQ.
State of New York                                         Assistant Attorney General
Attorney for respondent

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

**ORDER**

     Presently before this Court is a renewed motion on behalf of petitioner Gregory P. Cunningham, Sr. for release upon recognizance or bail pending determination of his habeas corpus petition. Dkt. No. 20.[1] Petitioner's previous motion, filed together with his habeas corpus petition, was denied by Order of this Court filed June 21, 2006. Dkt. No. 6. In that Order, the Court found that Petitioner had not demonstrated a likelihood that he will prevail on his petition, or that extraordinary or exceptional circumstances exist such that Petitioner's release

---

[1] Petitioner complains of a judgment rendered in the Oneida County Court wherein he was convicted after a jury trial of numerous counts of forgery, grand larceny, and criminal possession of a forged instrument and was sentenced to a term of seventeen and one-half to thirty-five years imprisonment. On appeal, the Appellate Division, Fourth Department, reversed the criminal possession of a forged instrument convictions, and affirmed the others. The Court of Appeals denied leave to appeal. *See* Dkt. No. 1.

"is necessary to make the habeas remedy effective." *Id*. at 2-3.

By his renewed motion, Petitioner seeks release based upon "new evidence of a legitimate, substantial and documented concern that Petitioner's life is in serious jeopardy and will continue to be so long as he in the New York State Prison system." Dkt. No. 20 at 3-4.[2] It appears that Petitioner was involved in an altercation with another inmate on May 12, 2007, and suffered a broken nose. Dkt. No. 20-4 at 3-4. According to the prison records, the incident was not witnessed by staff and both inmates were charged with disruptive behavior. *Id*. The disciplinary charges against Petitioner were later dismissed. Dkt. No. 20-6 at 1. Following the incident, Petitioner requested protective custody status. Dkt. No. 20-6 at 2. Petitioner's first request was denied; a renewed request was granted by Superintendent Poole on June 1, 2007. Dkt. No. 20-6 at 2-3. Petitioner states that he no longer feels safe in prison. Dkt. No. 20-7 at 5.

Respondent has filed papers in opposition to Petitioner's renewed request for release. Dkt. No. 21. Respondent urges denial of the motion and argues that Petitioner has not demonstrated either that his habeas corpus petition raises substantial claims or that extraordinary circumstances exist such that release is necessary to make the habeas remedy effective. Dkt. No. 21 at 3-5. Respondent also notes that subsequent to the filing of this motion, Petitioner was transferred from Five Points Correctional Facility (where the incident occurred) to Clinton Correctional Facility. Dkt. No. 21 at 5.

As discussed by the Court in its prior Order, the authority to release petitioners on bail pending determination of a habeas petition is a limited one, "to be exercised in special cases

---

[2] Petitioner also reasserts his position that this is an appropriate case for release because he has strong family and community ties and is not a flight risk, he has never been convicted of a violent felony, and he has an exemplary prison record. *Id*. at 7-10.

only." *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001). The Second Circuit has ruled that a habeas petitioner should be granted bail only where the petitioner can demonstrate that the petition raises "substantial claims," and that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226 (citations omitted).

In *Ancona v. Lantz*, No. 3:05CV363(MRK), 2005 WL 839655 * 10 (D. Conn. Apr. 8. 2005), the Court addressed a request for release from an ex-police officer. The petitioner claimed that his release pending determination of his habeas petition was warranted because he feared for his safety and, as a former police officer, faced increased risks as an inmate.[3] The Court rejected petitioner's argument and denied his motion. The Court stated:

> The fact that Mr. Ancona is an ex-police officer also is not so exceptional as to necessitate bail pending review. The Court hastens to emphasize that it in no way minimizes the importance of Mr. Ancona's safety as an inmate or the increased risks that may arise when a former police officer is incarcerated. However, granting bail is not the only way to guard against such risks. To rule otherwise would mean that bail was required every time a former police officer sought a habeas writ. To the Court's knowledge, there is no authority for such a per se rule.

2005 WL 839655 at * 10.

Upon review, the Court denies petitioner's renewed motion for release. Assuming, *arguendo*, that the petition raises "substantial claims," the Court finds that petitioner has not demonstrated that extraordinary circumstances exist that make the grant of bail necessary to

---

[3] The petitioner also claimed that the possibility that he would complete his sentence prior to determination of his habeas corpus petition constituted "extraordinary circumstances". The Court found that because petitioner's habeas claims would not be mooted by his release and because the "predicament" was at least in part "self-inflicted," petitioner had not demonstrated that "exceptional circumstances" warranted his release.

make the habeas remedy effective.  As did the *Acona* Court,  the Court acknowledges petitioner's concerns for his personal safety while in prison.  However, while petitioner's release may address those concerns, his request sweeps far too broadly.  Petitioner has not made any showing that his is a "special case" and that extraordinary circumstances exist such that release is necessary to make the habeas corpus remedy effective.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's renewed request to be released on bail, or on his own recognizance, pending determination of his petition (Dkt. No. 20) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: November 7, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge